[ECF No. 56]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| W.M.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J.O., et al.,<br><br>　　　　　Defendants. | Civil No. 22-3707 (RBK)(EAP)<br><br>ORDER ON MOTION TO SEAL |

　　　　This matter comes before the Court upon Plaintiff's Motion to Seal, ECF No. 56, seeking to permanently seal certain documents filed on the docket of this matter. The Court has considered Plaintiff's submission and notes that no opposition has been filed. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, and for good cause shown, Plaintiff's Motion to Seal is **GRANTED**.

　　　　Plaintiff requests that the Court permanently seal the documents filed as ECF Nos. 49, 54, and 55. These documents include Defendant J.O.'s motion for spoliation sanctions, *see* ECF No. 49; Plaintiff's brief in opposition and cross-motion to bar Defendant's expert report, *see* ECF No. 54; and Defendant's reply brief in support of Defendant's motion for spoliation sanctions and brief in opposition to Plaintiff's cross-motion, *see* ECF No. 55. These documents contain sensitive and confidential information, including Plaintiff's allegations of sexual abuse perpetrated by Defendant and another relative.

　　　　Pursuant to Local Civil Rule 5.3(c), a party filing a motion to seal must describe "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which

warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request."

Here, the Court finds that Plaintiff has satisfied the requirements of Local Civil Rule 5.3(c) and demonstrated that "good cause" exists to restrict public access to the relevant material. The documents sought to be sealed are confidential and highly sensitive in nature; the Plaintiff has a legitimate interest in maintaining the privacy of the allegations of sexual abuse; and Defendant has a legitimate interest in keeping the allegations against Defendant confidential. The release of the information contained in the briefing and attachments in the relevant documents would result in a clearly defined and serious injury to the parties and non-parties alike. A less restrictive alternative is not available because the full contents of the documents contain highly sensitive, confidential material. Lastly, no party objects to the sealing of these documents. Accordingly, the Court concludes that a balance of the factors enunciated in Local Civil Rule 5.3(c) weigh in favor of permanently sealing the documents filed as ECF Nos. 49, 54, and 55.

**THEREFORE, IT IS** this **30th** day of **January 2024**;

**ORDERED** that Plaintiff's Motion to Seal, ECF No. 56, is **GRANTED**; and it is further

**ORDERED** that the documents filed as ECF Nos. 49, 54, and 55 shall be maintained under seal by the Court.

s/ Elizabeth A. Pascal  
ELIZABETH A. PASCAL  
United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.